UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIO F. BROWN, JR.,

    Plaintiff,

v.                                                    Case No. 18-C-451

AGENT KEITH LUCAS, *et al.*,

    Defendants.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at Waupun Correctional Institution (WCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee. ECF No. 2.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.70. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Defendant Keith Lucas violated his rights by making false statements about him at his revocation hearing. He alleges that this has caused him emotional distress and defamed his character. According to Plaintiff, he filed a complaint with Defendant David Melby, Lucas' supervisor, but Melby said there was nothing he could do about Plaintiff's emotional distress

and Plaintiff should instead think about the fact that he killed someone. Plaintiff alleges that he has nightmares and suffers from depression because of Lucas' and Melby's actions.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Plaintiff's complaint is not clear in stating the manner in which he was deprived of rights secured by either federal law or the Constitution. He alleges that he has suffered both emotional distress and defamation of character. Although "mental and emotional distress caused by the denial of procedural due process itself is compensable under § 1983," *Carey v. Piphus*, 435 U.S. 247, 264 (1978), a common law cause of action for infliction of emotional distress arises under state law and therefore cannot, alone, support a claim under § 1983. Likewise, an allegation of mere defamation, standing alone as Plaintiff seems to allege, is not sufficient to state a claim under § 1983. *Paul v. Davis*, 424 U.S. 693, 694 (1976). Because the allegations of infliction of emotional distress and defamation are the only claims against Melby, Plaintiff has failed to state a claim for relief against him.

With regard to Lucas, Plaintiff makes the additional allegation that he made false statements at Plaintiff's revocation hearing. Witnesses testifying at trial and before grand juries enjoy absolute immunity from suit. *See Rehberg v. Paulk*, 566 U.S. 356, 366–68 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)). Immunity for witnesses is a product of the "functional approach" to applying absolute immunity, in which courts "consult the common law to identify those governmental

3

functions that were historically viewed as so important and vulnerable to interference by means of litigation that some form of absolute immunity from civil liability was needed to ensure that they are performed '"with independence and without fear of consequences."'" *Id.* at 363 (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Absolute immunity enhances the truth-seeking function of legal proceedings because, without it, "witnesses 'might be reluctant to come forward to testify,' and even if a witness took the stand, the witness 'might be inclined to shade his testimony in favor of the potential plaintiff' for 'fear of subsequent liability.'" *Id.* at 367 (quoting *Briscoe*, 460 U.S. at 333). Because these reasons for extending immunity to witnesses apply with equal weight to witnesses testifying at a revocation hearing, as Lucas allegedly did here, Lucas is immune from liability for his testimony, and Plaintiff has failed to state a claim against him.

Consequently, Plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). His claims against Lucas and Melby will therefore be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.30 balance of the filing fee by collecting monthly

payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 2nd day of May, 2018.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.